**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with

**Fed. R. App. P. 32.1**

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted June 27, 2011*
Decided July 5, 2011

Before

FRANK H. EASTERBROOK, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

| | |
|---|---|
| **No**. 10-2617 | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| WAYNE DAVIS, *Plaintiff-Appellant*, | |
| v. | No. 1:07-cv-0087-LJM-TAB Larry J. McKinney, *Judge*. |
| PAUL WHITESELL, in his official capacity as Superintendent of the Indiana State Police, *Defendant-Appellee*. | |

## Order

We concluded in an earlier opinion, 541 F.3d 760 (2008), that 29 U.S.C. §623(j)(2) permits the Indiana State Police to limit reemployment of former officers to those who are under the age of 40 when they seek to be rehired. This statutory exception to the Age Discrimination in Employment Act applies when a hiring decision is made "pursuant to a bona fide hiring or retirement plan that is not a subterfuge to evade" the statute. We held that the State Police's plan is bona fide and not a subterfuge. But we

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

remanded so that the district court could consider whether the decision had been made "pursuant to" the plan, observing that, if the State Police exercised discretion not to enforce the age limit for other persons, the decision with respect to Davis might have been made "pursuant to" administrative discretion rather than the rule stated in the plan.

On remand, the parties engaged in discovery. Davis did not find any other person who had been rehired (or otherwise reemployed) after turning 40. One would think that this answers the only question posed on remand. Davis contends otherwise. Discovery turned up the fact that one person had been *initially* hired a few days after he turned 35, when that age was the State Police's maximum. He says that this demonstrates that the decision not to rehire him was not "pursuant to" the plan.

The State Police contends that this solitary failure to enforce the age limit was the result of a clerical error rather than uncabined discretion to disregard the written requirements. Davis does not take issue with this characterization, which means that there is no material dispute requiring a trial. More than that: The reason why this case was remanded is the language of 240 Ind. Admin. Code §1-4-18(b)(4), which says that an applicant for reemployment must meet all the requirements for initial employment "subject to the approval of the superintendent and the board." It was this quoted language that caused us to wonder whether the superintendent and board are claiming discretion to disregard the age limit when it suits them. That one applicant for *initial* employment was hired after turning 35 does not show anything about the way Indiana interprets or applies the language of §1-4-18(b)(4), which deals with reemployment of officers who quit (as Davis did) and later want to return to duty.

Although this resolves the single issue that the case was remanded to address, Davis contends that he learned during discovery that he *was actually rehired* despite his age (42 when he asked to have his former job back) and then fired when the Superintendent of Police refused to carry out the decision of the ISP's Board. In addition to being outside the scope of the remand, this sounds like an argument under state law. At all events, the Superintendent contends, and the district court concluded, that the Board decided to rehire Davis if the Superintendent agreed—which is what §1-4-18(b)(4) says. It requires the approval of "the superintendent *and* the board" (emphasis added). The Department's normal procedures include a new criminal-background check and similar routine inquiries, which had not been completed before the Board acted, plus evaluation of other requirements such as age. We agree with the district court's conclusion on this subject.

                                                                                      AFFIRMED